UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 1:21-cv-8 SNLJ |
| MARK BONNEMA, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

This matter is before the Court on review of the file. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus*., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc*., 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010). Because this action has been removed from state court to this Court, the party seeking to invoke diversity jurisdiction is the defendant; the party seeking removal thus has burden of establishing federal subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

The defendants' Notice of Removal (#1) asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000.  Defendants state that plaintiff Clean Harbors Environmental Services, Inc. is incorporated under the laws of the State of Massachusetts.  As a corporation, plaintiff is deemed to be a citizen of both the state in which it is incorporated <u>and</u> the state where it has its principal place of business.  28 U.S.C. § 1332(c).  Neither plaintiff nor defendants allege where plaintiff has its principal place of business.

Because it is the defendants' burden in this case to establish subject matter jurisdiction, the Court will grant defendants twenty-one (21) days to file an amended notice of removal alleging facts showing the existence of the requisite diversity of citizenship of the parties.  If defendant fails to timely and fully comply with this Order, the Court will remand this matter for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by May 27, 2021, defendants shall file an amended notice of removal in conformance with this memorandum and order.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this  7th  day of May, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE